FORD, Respondent, vs. FREEMAN, Appellant.

*February 20—March 9, 1909.*

*Deceit: Special verdict: Sufficiency: Pleading: Allegation of damage.*

1. In an action to recover damages for fraudulent representations whereby plaintiff was induced to purchase mining stock, a special verdict finding that defendant knowingly made the false representations for the purpose of inducing plaintiff to buy the stock, that the plaintiff relied thereon and was induced thereby to buy and pay for the stock, and that he is entitled to recover a certain sum, is *held* to cover the issuable facts and to be sufficient in form.

2. A complaint stating all the other facts essential to a cause of action for fraud and then alleging that plaintiff has been damaged by defendant and deceived by him by reason of the fraudulent statements in a certain sum, and that defendant became indebted to plaintiff in that sum and that said sum is due and owing, and that judgment therefor is demanded, sufficiently alleges damage.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This action was brought to recover damages alleged to have been caused by fraudulent representations inducing plaintiff to purchase stock in a certain mining company. The complaint alleges the representations made and that they were false and the plaintiff deceived thereby; that he had been damaged and deceived by the defendant in the sum of $4,000, and that defendant thereby became indebted to plaintiff in the sum of $4,000; and that said sum is due with six per cent. interest. The answer denies the material allegations of the complaint. The case was tried to the court and a jury. At the close of plaintiff's testimony defendant moved for directed verdict and nonsuit, both of which motions were denied. The jury returned the following verdict:

"(1) Did the defendant, *C. H. Freeman,* knowing that the statement was false at the time he made it, state and represent to the plaintiff, *C. M. Ford,* on or before January 20, 1906, that three others and himself had each subscribed for $2,500 of the stock of the Bankers' National Development Company, and had each paid in cash his subscription into the treasury of said company, and that the sum of $10,000 in cash was then in said treasury? *A.* (by the court.) No.

"If you answer the above question 'No,' do not answer the succeeding questions numbered 2 and 3. If you answer No. 1 'Yes,' answer said succeeding questions.

"(2) Did the said defendant make such false representation to the plaintiff to induce him to purchase the stock of said company? *A.* ———.

"(3) Did the plaintiff rely upon such false representation, and was he induced thereby to buy 1,000 shares of the stock of such company and to pay therefor into the treasury of said company the sum of $1,000? *A.* ———.

"(4) Did the defendant, *C. H. Freeman,* between January 20 and February 19, 1906, knowing that the statement was false at the time he made it, state and represent to the plaintiff, *C. M. Ford,* that three others and himself had each bought of the stock of said company shares to the amount of $15,000,

and had paid that amount in cash into the treasury of said company for the same, and that there was then in the treasury of said company the sum of $60,000 in cash? *A.* Yes.

"If you answer the fourth question 'No,' you will not answer the succeeding questions numbered 5 and 6. If you answer the fourth question 'Yes,' answer such succeeding questions.

"(5) Did the said defendant make the false representation to the plaintiff found by you to have been made by your answer to the fourth question to induce the plaintiff to purchase 3,000 additional shares of the stock in said company? *A.* Yes.

"(6) Did the plaintiff rely upon such last named false representation, and was he induced thereby to buy 3,000 shares of the stock of said company and to pay therefor into the treasury of said company the sum of $3,000? *A.* Yes.

"If you have answered both the first and fourth questions 'No,' you need not answer the next question. If you have answered both or either of them 'Yes,' answer the next question.

"(7) If upon the testimony and your findings the court should direct judgment for the plaintiff, what sum do you find that he is entitled to recover? *A.* $3,333.33."

Motions by defendant on the verdict were denied and judgment ordered for plaintiff on the verdict, which was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *W. H. Beebe, Geo. B. Clementson,* and *Lowry & Carthew,* and oral argument by *H. E. Carthew.*

The cause was submitted for the respondent on the brief of *T. L. Cleary* and *A. W. Kopp.*

KERWIN, J. Several errors assigned involve the question of the sufficiency of the evidence to support the verdict. The argument is made by counsel for appellant that there was not sufficient proof of the representations nor that the plaintiff relied upon them. We do not regard it necessary to spend any time upon this point, because, after careful examination of the testimony, we are satisfied that there is abundance of evi-

dence to support the verdict as to the question of making the representations and the reliance upon them by plaintiff. It appears that a fraternal relation existed between plaintiff and defendant, they being members of the same lodge, and that plaintiff reposed special confidence in the defendant, and, as the evidence shows, was very largely influenced in the matter of making the investment in consequence of such relation and reliance which he placed upon the statements made by defendant in consequence of such relation.

Errors respecting the refusal of the court to change answers of the jury to questions of the special verdict also involve the sufficiency of the evidence, and upon this point it is only necessary to say that we are convinced the questions of the special verdict assailed are fully supported by the evidence.

Another error assigned covers the defendant's motion for a new trial upon the ground, in addition to those heretofore stated, that the complaint does not state facts sufficient to constitute a cause of action; that the special verdict is insufficient; that the court erred in its charge to the jury; and that the verdict is contrary to the law and the evidence. The want of sufficient evidence to support the verdict seems to be appellant's principal contention for reversal. The verdict covers the issuable facts in the case, is sufficient in form, and supported by the evidence. We find no error in the charge.

The complaint clearly contains all the allegations essential to make a good complaint for damages for fraud. But it is argued it contains no allegation of damages. The facts are set up in the complaint, and it is averred that the plaintiff has been damaged by the defendant and deceived by him by reason of the false and fraudulent statements in the sum of $4,000, and that the defendant became indebted to plaintiff in that sum, and that said sum is due and owing, with interest, and demands judgment for $4,000. It is insisted that there is no proof that the stock purchased by plaintiff through the fraud of defendant was not of value. Upon this point the

evidence is conflicting, and the finding of the jury as to the amount of the damage is conclusive upon this point. We find no error in the record and think the judgment below right.

*By the Court.*—The judgment of the court below is affirmed.